**Thurman CLARK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–9009–CR–538.**

Court of Appeals of Indiana, Second District.

Nov. 7, 1991.

Howard Howe, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Appellant Thurman Clark (Clark) appeals the revocation of his probation. His appeal presents three issues:

(1) whether the court failed to sufficiently inform Clark of the conditions of his probation;

(2) whether the court erred in failing to issue a written order of revocation or a statement of reasons for revocation; and

(3) whether an improper foundation was laid at the revocation hearing to establish the expert qualifications of the State's laboratory technician.

We affirm.

After pleading guilty to burglary, a Class C felony, Clark received a five-year suspended sentence on April 6, 1988. In addition to the standard conditions of probation, Clark was required to submit to urine testing, alcohol and drug treatment, and to complete a G.E.D. "if appropriate."

On June 6, 1988, Clark's probation officer filed a notice of probation violation occasioned by a urine test sample which had tested positive for marijuana. However, on August 15, the officer recommended that the court take the matter under advisement, since Clark had completed an in-patient treatment for substance abuse in the meantime. The court did so.

On December 26, 1989, the probation department filed another notice of probation violation against Clark, alleging 1) that a second urine sample had tested positive for marijuana; 2) that he was delinquent in his payments of restitution; and 3) that he had failed to make efforts to obtain his G.E.D. A hearing was held on January 26, 1990, at which the judge ordered Clark to be committed to the Indiana Department of Correction for ten consecutive weekends.

On May 2, 1990, after a third urine sample tested positive for marijuana, the probation department filed another notice of probation violation. At a hearing held on June 13, the court revoked Clark's probation. Although Clark was delinquent in his restitution and court cost payments, the court chose not to rely upon this factor in revoking Clark's probation. Instead, it gave three reasons for the determination: 1) that Clark had tested positive for marijuana; 2) that he had failed to try to get his G.E.D.; and 3) that he had failed to try to maintain steady employment. The court did not make a separate, written finding of his reasons; however, it recited them orally to Clark at the hearing. The statement of reasons was later reduced to writing as part of the transcript of the hearing and is included in the record upon appeal.

I.

Clark first challenges the court's reliance on his failure to obtain verifiable employment and his failure to begin G.E.D. classes as factors in the revocation decision. Because Clark was sentenced in 1988 and his probation was revoked in June, 1990, the applicable statutes are I.C. 35–38–2–1 through 35–38–2–3 (Burns Code Ed.), as those provisions existed prior to amendment or repeal in 1990.

I.C. 35–38–2–1(a) provided: "Whenever it places a person on probation, the court shall specify in the record the conditions of the probation." Clark argues that the record did not specify that he was to obtain verifiable employment, and therefore, that the court was not at liberty to use this factor in deciding to revoke Clark's probation. Clark further argues that the record did not specify a date by which Clark had to begin G.E.D. classes, and therefore, that the court also improperly relied on this factor in his decision to revoke.

In *Bryce v. State* (1989) 4th Dist., Ind. App., 545 N.E.2d 1094, sentence had been suspended on condition that Bryce participate in a drug treatment program. Bryce was terminated from the program when he

tested positive for cocaine usage. The court revoked the suspended sentence based upon Bryce's termination from the program. Bryce argued upon appeal that urine drug testing was not stated as a condition of probation because it was not a part of the plea agreement and was therefore an improper basis of revocation. The court held in part that Bryce's failure to raise this objection at the revocation hearing waived the issue. *Id.* at 1098.

 The record reveals that Clark failed to object to lines of questioning directed to his probation officer regarding his failure to provide proof of enrollment in G.E.D. classes and of employment. Indeed, Clark cross-examined the officer on these topics. Having failed to object at the hearing, Clark waives the issue upon appeal.[1]

### II.

Clark next contends that the trial court erred in failing to issue an order of revocation or a written statement of the evidence relied upon and the reasons for revocation.

In asserting that the court had an obligation to record his findings and reasons in a written order or statement, Clark relies on *Jaynes v. State* (1982) 1st Dist., Ind. App., 434 N.E.2d 923. *Jaynes* held that due process requires the court, in revoking probation, to state in writing its reasons and the evidence of record relied upon as to the basis for probation revocation.

*Jaynes* stated that its holding was mandated by *Morrissey v. Brewer* (1972) 408

U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 and *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. *Morrissey* examined the due process rights applicable to parole revocation proceedings. *Gagnon* applied the *Morrissey* holding to probation revocation proceedings. *Id.*, 93 S.Ct. at 1760–61.

The *Morrissey* Court recognized that the parolee has a conditional liberty interest at stake. The Court observed, however, that the state has "an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if in fact he has failed to abide by the conditions of his parole." *Id.*, 92 S.Ct. at 2601. In balancing the competing interests, the Court concluded that "[w]hat is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 2602.

In order to achieve this balance, the Court held that due process in the context of a parole revocation hearing requires:

"(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confronta-

---

1. The trial court has the authority to modify the conditions of probation. I.C. 35–38–2–1(a)(1) (Burns Code Ed.1985). Although the record does not contain the transcript of the January 26, 1990 hearing, Clark's probation officer testified at the June 13, 1990 hearing, in response to Clark's question and without objection from Clark, that the judge had ordered Clark to provide proof that he had enrolled in a G.E.D. class. Clark went on to cross-examine the officer as to Clark's failure to substantiate his claims of short-term employment without questioning whether obtaining verifiable employment was a condition of Clark's probation. This evidence of record strongly suggests that the judge did modify the conditions of Clark's probation at the January 26 hearing to include Clark's immediate enrollment in a G.E.D. class and verifiable employment. On the other hand, we will not merely speculate as to what transpired at the hearing when the record upon appeal does not contain the transcript. We are authorized to order the clerk to transmit to us relevant portions of the record omitted by the parties under Indiana Appellate Rule 7.2(B), but will not do so when a decision on the issue is not determinative of the case. Since appellant has waived these issues upon appeal, there is no need for us to order the production of the January 26 hearing to verify the modification of Clark's conditions of probation. We express no opinion as to whether appellant's failure to pursue G.E.D. classes or his failure to obtain verifiable employment, standing alone, would justify probation revocation.

tion); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." 92 S.Ct. at 2604.

In *Black v. Romano* (1985) 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636, the Court explained more fully the rationale underlying *Morrissey*'s written statement requirement. The *Black* Court stated:

> "The written statement required by *Gagnon* and *Morrissey* helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Id.* 105 S.Ct. at 2259.

The *Black* Court thus made it clear that the written statement requirement is to be understood as a procedural device whose goals are to promote accurate factfinding and to ensure the reviewability of a revocation decision.

*Jaynes* can be best understood within this framework. In *Jaynes*, the issue before the court was the sufficiency of the evidence upon which the appellant's probation had been revoked. The record did not contain any statement of the trial court's reasons for revoking, however. Thus, the reviewing court could not determine whether the revocation was based upon verified facts, and whether the discretionary decision to revoke was informed by an accurate knowledge of the appellant's behavior. Therefore, the court remanded for a statement of reasons adequate to allow the appellate court to review the determination for sufficiency.

In the present case, Clark was afforded a full evidentiary hearing in order to determine whether his probation should be revoked. Clark was represented by counsel at the hearing. After hearing the evidence, the trial court heard the arguments of counsel. Then, in Clark's presence, he orally made findings of fact, revoked Clark's probation, and stated his reasons for revocation from the bench. The statement from the bench was later reduced to writing in the transcript of the hearing. Clark does not contend that he did not understand the judge's findings. His only complaint is that the judge did not afterwards make a separate written summary of the findings orally made at the hearing. We hold that the written transcript of the revocation hearing meets the *Morrissey* requirement that "a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation]" be made.[2] *Morrissey, supra,* 92 S.Ct. at 2604.

*Morrissey* and *Black* contemplate a written statement which aids factfinding and provides a basis for appellate review without intruding upon the discretionary nature of revocation proceedings. *Jaynes* was concerned with a total absence of factual findings and reasoning in the revocation decision. In contrast, we have before us a cogent statement in writing of the findings and reasons for revocation in the record. Our review reflects that Clark was afforded a more than adequate opportunity to present facts and to seek to persuade the court of his position. We are fully able to review for the sufficiency of the evidence on this record. Thus, we find no error in the trial court's failure to issue a separate order of revocation or written statement of the court's findings of fact and its reasons for revocation.[3]

---

**2.** This holding is consistent with our recent holdings concerning probationary grants. I.C. 35–38–2–1(a)(1) (Burns Code Ed.Supp.1991) requires that "[w]henever it places a person on probation, the court shall ... [s]pecify in the record the conditions of the probation...." I.C. 35–38–2–2.3(b)(1) (Burns Code Ed.Supp.1991) [formerly § 35–38–2–2(b) (Burns Code Ed. 1985) ] requires that "[w]hen a person is placed on probation, the person shall be given a written statement specifying ... [t]he conditions of

probation." We have held that the failure of the defendant to receive written conditions of probation does not constitute reversible error when the written record contains the court's oral explanation of the conditions to the defendant and the defendant's acknowledgment that he understood them. *Kerrigan v. State* (1989) 2d Dist. Ind.App., 540 N.E.2d 1251, 1252; *Ratliff v. State* (1989) 2d Dist.Ind.App., 546 N.E.2d 309, 311–12.

**3.** We do suggest however that it is prudent for a court to make such a written order. A particu-

### III.

Finally, Clark challenges the foundation laid by the State to establish the expert credentials of Karen Shanks, a laboratory technician with the Indianapolis/Marion County Forensic Services Agency.

In laying a foundation, the following colloquy took place:

"Q. [State] What are your duties at the Crime Lab?

A. [Shanks] I'm a Lab Technician, and I perform urinalysis/drug testing.

Q. Do you have any training to do this?

A. Yes.

Q. What is that training?

A. I was trained by the primary operator, who is Bob Rennick, who is now retired. And, then I received F.D.A. certification through Abbott Laboratories, in Dallas, Texas." Record at 80–81.

Clark complains that Shank's failure to describe her training in more detail, including the length of time she trained, constitutes reversible error.

 Initially, we note that error, if any, concerning Shank's expert qualifications is waived because Clark failed to object on this ground at the hearing. *Senco Products Inc. v. Riley* (1982) 4th Dist. Ind.App., 434 N.E.2d 561, 564. However, even if the objection were not waived, we would not accept Clark's argument.

█ The determination whether a witness is qualified to testify as an expert is within the sound discretion of the trial court. We will not disturb a ruling absent an abuse of discretion. *Wissman v. State* (1989) Ind., 540 N.E.2d 1209, 1212. No precise quantum of knowledge is required if the witness shows a sufficient acquaintance with the subject; however, the subject matter of the expert's opinion must be so distinctly related to some science, profession, business or occupation as to be beyond the knowledge of the average lay person. *Fox v. State* (1987) Ind., 506 N.E.2d 1090, 1095.

In *Fox*, the state introduced the expert testimony of Detective Robert Weeks (Weeks) regarding blood spatterings he had examined at the scene of the crime. The *Fox* court summarized the foundation laid for Weeks's testimony:

"Detective Weeks testified that during 1980, he attended a school for approximately one to two weeks for the study of bloodstains and interpretation of blood spatterings. The school was taught by an experienced forensic criminologist. Detective Weeks had occasion to examine blood spattering evidence in connection with a prior murder; however, he had never testified in a trial on flight characteristics of blood or blood spattering." *Id.* at 1095.

The court upheld the trial court's discretion in allowing Weeks to testify, reasoning that his limited experience went to the weight of his testimony rather than its admissibility. *Id.*

█ In the present case, Shanks testified that she had training to perform urinalysis tests. Although she did not describe the day to day activities during her training, she stated that she had received an F.D.A. certification. She went on to explain the testing procedures for urinalysis in detail. She was cross-examined as to her understanding of the scientific basis underlying the tests, and answered questions regarding possible limitations on the testing apparatus. There is no doubt that the trial court was within its discretion in admitting Shank's testimony.

The trial court's decision to revoke Clark's probation is affirmed.

CHEZEM and BARTEAU, JJ., concur.

█

---

lar record may not be clear enough to afford us an adequate basis of review based solely on the transcript of a revocation hearing. Where the record before us is insufficient to establish the facts found by the trial court and its reasons for revocation, we will remand for a written statement of these findings. *Jaynes*, 434 N.E.2d at 925.