**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 25 2013, 9:32 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSE R. LUCKEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1208-CR-399 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause Nos. 34D01-0803-FD-147 and 34D01-0904-FD-387

**March 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jesse R. Luckey ("Luckey") appeals the trial court's order revoking his probation in two underlying cases arising from his convictions for possession of a controlled substance[1] as a Class D felony, possession of marijuana[2] as a Class D felony, and possession of paraphernalia[3] as a Class A misdemeanor. In this appeal, Luckey contends that the trial court utilized an improper burden of proof and that the evidence was not sufficient to establish that he had violated the conditions of his probation by a preponderance of the evidence.

We reverse.

## FACTS AND PROCEDURAL HISTORY

In January 2009, Luckey pleaded guilty to possession of a controlled substance under cause number 34D01-0803-FD-147 ("Cause No. 147") and was sentenced to three years with one hundred twenty days executed, sixty days on home detention, and the balance suspended to probation. In April 2009, Luckey was charged with possession of marijuana and possession of paraphernalia under cause number 34D01-0904-FD-387 ("Cause No. 387"). A petition to revoke his probation in Cause No. 147 was also filed. In February 2010 after he admitted to violating his probation, Luckey was ordered to serve eighteen months of his previously suspended sentence in Cause No. 147. In Cause No. 387, Luckey pleaded guilty and was sentenced to one year suspended to probation.

---

[1] See Ind. Code § 35-48-4-7(a).

[2] See Ind. Code § 35-48-4-11.

[3] See Ind. Code § 35-48-4-8.3.

2

In February 2012, Luckey was charged with criminal mischief as a Class A misdemeanor in cause number 34D03-1202-CM-143 ("Cause No. 143"), and in April, 2012, he was charged with attempted murder as a Class A felony and aiding, inducing or causing aggravated battery as a Class B felony in cause number 34D04-1204-MR-57 ("Cause No. 057"). As a result of these new charges, petitions to revoke Luckey's probation were filed in Cause Nos. 147 and 387.

The trial court held a combined hearing on the two revocation petitions in July 2012. At the hearing, the State introduced the Chronological Case Summaries ("CCS") from Cause Nos. 143 and 057. Following the conclusion of the hearing, the trial court entered an amended order in both Cause Nos. 147 and 387 finding "that the Defendant did violate his probation as alleged," revoking Luckey's probation in both cases and ordering him to serve the time remaining on his previously suspended sentences.

**DISCUSSION AND DECISION**

Luckey maintains that the trial court abused its discretion in revoking his probation. Specifically, Luckey argues that the trial court applied an improper standard of probable cause to determine that he had committed a new offense and that it should have utilized preponderance of the evidence as the proper standard. The State contends that the trial court properly applied a probable cause standard.[4]

The decision to revoke probation is within the sound discretion of the trial court, and its decision is reviewed on appeal for abuse of that discretion. *Ripps v. State*, 968

---

[4] We note that the State filed its appellate brief before our Supreme Court handed down *Heaton v. State*, 48S02-1206-CR-350, 2013 WL 812402 (Ind. Mar. 5, 2013).

3

N.E.2d 323, 326 (Ind. Ct. App. 2012) (citing *Cooper v. State,* 917 N.E.2d 667, 671 (Ind. 2009) (citations omitted)). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* (citing *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). In order to revoke probation, the trial court must make a factual determination that a violation of a condition of probation actually occurred, and if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

The due process requirements of a probation revocation proceeding are well-established: Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Terrell v. State*, 886 N.E.2d 98, 100 (Ind. Ct. App. 2008) (citing *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)), *trans. denied*. However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id*. Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. *Id*. (citing *Parker*, 676 N.E.2d at 1085 (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))). Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id*.

Due process requires a written statement by the fact finder regarding the evidence relied upon and the reasons for revoking probation. *Id*. at 101. This requirement is imposed on trial courts to promote accurate fact finding and to ensure the accurate review of revocation decisions. *Hubbard v. State*, 683 N.E.2d 618, 620-21 (Ind. Ct. App. 1997). The rationale underlying the writing requirement in probation revocation proceedings has

4

its genesis in *Morrissey* where the United States Supreme Court concluded that while an informal hearing structure is permissible for parole revocation proceedings, it still must comport with basic notions of due process, including *a written statement by the fact finders as to the evidence relied on and the reasons for revoking parole*. 408 U.S. at 488-89 (emphasis added). In *Gagnon v. Scarpelli*, the Supreme Court applied the *Morrissey* holding to probation revocation proceedings, holding that for purposes of due process analysis, the two proceedings are the same. 411 U.S. 778, 782 (1973). Our Supreme Court in *Medicus v. State*, 664 N.E.2d 1163 (Ind. 1996), applied the *Gagnon* rule to probation revocation proceedings. *Id*. at 1164-65.

Here, the trial court failed to enter findings of fact regarding the evidence upon which it relied and its reasons for revoking probation. Rather, it merely made the conclusory finding that the defendant violated the conditions of his probation. Although clearly not the preferred way of fulfilling the writing requirement, we have held that placing the transcript of the evidentiary hearing in the record is sufficient if it contains a clear statement of the trial court's reasons for revoking probation. *Clark v. State*, 580 N.E.2d 708, 711 (Ind. Ct. App. 1991). In the present case, Luckey does not raise an issue relating to the trial court's failure to enter written findings setting out the evidence and its rationale for ordering revocation. Further, it is clear from our review of the record that the trial court determined that the issue before the trial court was narrow and the evidence upon which the trial court relied was minimal and not open to varying interpretations. Accordingly, in the interests of judicial economy, we elect to determine this matter on the merits rather than remand for the entry of specific findings.

5

On March 5, 2013, our Supreme Court held that the correct burden of proof for a trial court to apply in a probation revocation proceeding is the preponderance of the evidence standard. *Heaton v. State*, 48S02-1206-CR-350, 2013 WL 812402 (Ind. Mar. 5, 2013).

Here, the only evidence submitted by the State regarding whether Luckey had committed a new crime was certified copies of the CCS for Cause Nos. 143 and 057 showing the filing of the charges and the trial court's probable cause determination. On the basis of this evidence, the trial court found that Luckey had violated the terms of his probation by the commission of new offenses. Although the evidence was sufficient for the trial court to find probable cause that Luckey had committed the new offenses, it was insufficient to establish the commission of such crimes by a preponderance of the evidence. Accordingly, we reverse the trial court's order revoking Luckey's probation.

Reversed.

MATHIAS, J., and CRONE, J., concur.