**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 03 2013, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Schererville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ELBERT G. ELLIOTT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1212-CR-659 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-0512-FC-160

**October 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On March 1, 2007, Appellant-Defendant Elbert Elliott entered into a plea agreement with Appellee-Plaintiff the State of Indiana regarding a fifty-one count allegation which included various acts of fraud, misappropriation, and conversion of funds. Pursuant to the agreement, Elliott pled guilty to eight counts of Class D felony theft and agreed to make monthly payments against his total restitution figure of $538,176.40 in exchange for the State's dismissal of the remaining charges. The plea agreement also provided for a fifteen-year sentence, with five years of incarceration and ten years suspended to probation. While on probation, Elliott failed to make monthly restitution payments and tested positive for cocaine use. The trial court revoked Elliott's probation and sentenced him to serve the remaining ten years of his suspended term.

On appeal, Elliott contends that the terms of restitution imposed by the trial court were impermissibly vague and, therefore, that his probation cannot be revoked based on their violation. Elliott also argues that the trial court did not produce a sufficient written finding explaining its reasoning for revoking Elliott's probation based on drug use. Concluding that the trial court met the written statement requirement, we affirm.

**FACTS AND PROCEDURAL HISTORY**

The stipulated factual basis entered during the May 11, 2007 guilty plea hearing provides that, between the dates of January 18, 2001, and June 11, 2004, Elliott conducted the business of Worldwide Gold Emporium Inc., serving as the company's founder, president, chairman, and chief executive officer. During that time, Elliott "cold

2

called" individuals offering investment opportunities in the form of stock options and gold, platinum, and silver commodities. Appellant's App. p. 81. Elliott represented to these potential investors that they could redeem their monetary investment or commodity at any time upon request. Elliott knowingly and intentionally misappropriated $538,176.40 in funds from at least seventeen investors when he failed to return any portion of their investments upon request. Many of the victims were elderly and had been defrauded on prior occasions.

On December 1, 2005, the State charged Elliott with forty-three counts, alleging, *inter alia*, fraud, misappropriating or converting funds of another person, giving false or misleading information, and offering and selling unregistered securities, all Class C felonies. On March 1, 2007, the State filed an Amended Information adding eight counts of Class D felony theft. On March 1, 2007, Elliott pled guilty to the eight counts of theft in exchange for the State's dismissal of the remaining charges.

On May 10, 2007, pursuant to the terms of the plea agreement, the trial court sentenced Elliott to fifteen years of incarceration with the ten years suspended to probation. The trial court conditioned Elliott's probation on maintaining gainful employment and making monthly restitution payments to the seventeen victims, to be divided evenly, until the total amount of $538,176.40 was fully repaid. An additional condition of Elliot's probation was that he would not use, purchase, or possess any illegal drugs or controlled substances.

Elliott began serving the probation portion of his sentence on April 27, 2009. On

September 7, 2010, the State filed a petition to revoke Elliott's probation due to his failure to make restitution payments. In the sixteen months after being released on probation, Elliott had paid only $60.00 toward his half-a-million dollar restitution obligation. On May 17, 2011, the State filed an amended petition, alleging a failed drug test had revealed that Elliott had used cocaine.

Elliott did not deny the allegations but presented mitigating factors at an evidentiary hearing on June 21, 2011. During this hearing, Elliott expressed confusion as to how he may have ingested cocaine. He posited that it may have been due to buying "street cigarettes" that were, unbeknownst to him, laced with cocaine. However, Elliott did not contest the validity of the positive drug test. Elliott also explained that his difficulty making restitution payments was due to an inability to obtain steady employment.

After conducting three separate hearings on the State's request for revocation, the trial court revoked Elliott's probation in its August 16, 2012 sentencing order, based on drug use and willful failure to pay restitution. The trial court subsequently ordered that Elliott be incarcerated for the remaining ten years of his sentence.

## DISCUSSION AND DECISION

Elliott challenges the trial court's decision to revoke his probation. The decision to revoke probation is within the sole discretion of the trial court. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). On appeal, the trial court's decision is reviewed for an abuse of that discretion. *Woods v. State*, 892 N.E.2d 637, 639-40 (Ind. 2008). An abuse

4

of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006).

Elliot contends that the trial court abused its discretion by failing to make a sufficient written finding explaining that its decision to revoke probation was based on his positive drug test. Specifically, Elliott claims that the magistrate made no written findings about the drug usage aside from her instruction to the clerk "to prepare an Electronic Abstract of Judgment that indicates the Petition to Revoke Probation was granted based on drug use and willful failure to pay restitution." Appellant's App. p. 118.

Due process requires "a written statement by the factfinder as to the evidence relied on and reasons for revoking probation." *Terrell v. State*, 886 N.E.2d 98, 101 (Ind. Ct. App. 2008) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)), *trans. denied.* However, "when a probationer admits to the violations, the procedural safeguards of *Morrissey* and the evidentiary hearing are not necessary." *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). Here, Elliott admitted to failing a drug test during the June 21, 2011 evidentiary hearing and did not contest the testing procedure or validity of the results. Rather, Elliott attempted to mitigate the significance of the violation by explaining that the use was unintentional. Good faith and lack of willfulness, however, do not preclude finding a probationary violation. *Woods*, 892 N.E.2d at 641 (citing *U.S. v. Warner*, 830 F.2d 651, 657 (7th Cir. 1987)). In any event, the trial court was under no

5

obligation to credit Elliott's explanation.  In light of Elliott's admission, we conclude that no written statement was necessary.

Furthermore, our review of the record reveals that the trial court indeed tendered a sufficient written explanation.  The Supreme Court explained the rationale behind the written statement requirement in *Black v. Romano* 471 U.S. 606, 614 (1985): "The written statement required by *Gagnon* and *Morrissey* helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence."  In *Clark v. State* 580 N.E.2d 708, 711 (Ind. Ct. App. 1991), this court determined that a written transcript of the revocation hearing can meet the *Morrissey* written statement requirement.  There, we explained that the written statement requirement is a "procedural device" designed to aid factfinding and accurate appellate review, not to "intrud[e] upon the discretionary nature of revocation proceedings." *Id.*  Here, the transcript of the June 21, 2011 evidentiary hearing provides "a cogent statement in writing of the findings" surrounding Elliott's probation violations. *Id.*  From these facts, we have ample information to discern the foundation and reasoning for the trial court's decision to revoke.  As such, we conclude that the transcript provides a sufficient written statement of the evidence relied upon by the trial court.

Moreover, in its September 27, 2012 sentencing order, the trial court specifically indicated that "the Petition to Revoke Probation was granted based on drug use and willful failure to pay restitution." Appellant's App. p. 118.   The written statement

6

requirement is not so arduous as to require trial courts to spell out a plainly evident rationale. As such, we find that the transcribed evidentiary hearing, coupled with the trial court's sentencing order, meets the *Morrissey* requirement.

"A trial court may revoke a person's probation upon evidence of the violation of a single term of probation." *Washington v. State*, 758 N.E.2d 1014, 1017 (Ind. Ct. App. 2001). Upon finding that the trial court did not abuse its discretion in revoking Elliott's probation for drug use, it is unnecessary to address his remaining contentions.

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.