Roderick **PARKER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A05–9602–CR–50.

Court of Appeals of Indiana.

Feb. 12, 1997.

Mark A. Thoma, Fort Wayne, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge

Roderick Parker ("Parker") appeals the trial court's revocation of his probation. He presents two issues for our review:

I. Whether the trial court followed the proper procedures in revoking his probation.

II. Whether the evidence is sufficient to support the revocation of his probation.

We affirm.

The facts most favorable to the judgment indicate that Parker pled guilty to a charge of burglary, a class B felony,[1] in 1990. He was sentenced to ten years imprisonment. However, nine years of that sentence were suspended and he was placed on probation for five years. On October 28, 1993, the Probation department filed a motion to revoke Parker's probation because he failed to

---

1. Ind.Code § 35–43–2–1 (1988).

report to the probation department as required. A hearing was held on the motion. At the beginning of the hearing, Parker's attorney told the trial court that Parker was going to admit the probation violations, and that he had made a deal with the prosecutor concerning the appropriate sentence for the violations. For the most part, the remainder of the hearing was devoted to determining the number of days credit time to which Parker was entitled. Several times during the discussion, Parker attempted to ask the trial court questions about his violations or explain his confusion with the system. The trial court did not address Parker's concerns.

## I.

### *Procedural Due Process*

 Parker first argues that the hearing on his probation violation did not comport with the requirements of IND.CODE § 35–38–2–3 (1993) and his procedural due process rights were violated because no evidence was presented at the hearing. The grant of probation or conditional release is a favor granted by the State, not a right to which a criminal defendant is entitled. *Menifee v. State,* 600 N.E.2d 967, 969 (Ind.Ct.App.1992), *reh. denied,* 605 N.E.2d 1207 (Ind.Ct.App. 1993). However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. Probation revocation implicates the defendant's liberty interests which entitles him to some procedural due process. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S.Ct. 2593, 2600–01, 33 L.Ed.2d 484 (1972). However, because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding.[2] *Morrissey, supra,* at 480, 92 S.Ct. at 2599–2600.

 The minimum requirements of due process include

(a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . .; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation].

*Id.* at 489, 92 S.Ct. at 2604.[3] Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* at 479–80, 92 S.Ct. at 2599–2600. Indiana has codified the due process requirements of *Morrissey* in IC 35–38–2–3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses by the probationer. When a probationer admits to the violations, the procedural safeguards of *Morrissey* and the evidentiary hearing are not necessary. *Morrissey, supra,* at 490, 92 S.Ct. at 2604–05; *U.S. v. Holland,* 850 F.2d 1048, 1050–51 (5th Cir.1988). Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Morrissey, supra,* at 490, 92 S.Ct. at 2604–05; *Holland, supra,* at 1051.

 Parker argues that his rights were violated because no evidence was presented at his revocation hearing to support the revocation. He equates his situation with those discussed in *Weatherly v. State,* 564 N.E.2d

---

2. Both the U.S. Supreme Court and Indiana courts have determined that probation revocation proceedings are not criminal proceedings. *See Morrissey, supra,* at 480, 92 S.Ct. at 2599–2600; *Braxton v. State,* 651 N.E.2d 268, 270 (Ind.1995), *reh. denied* (probation revocation proceedings are civil proceedings as opposed to criminal proceedings).

3. Although *Morrissey* was addressing a parole revocation proceeding, the U.S. Supreme Court later held that the exact same requirements were applicable to a probation revocation proceeding. *Gagnon, supra,* at 782, 93 S.Ct. at 1759–60.

350 (Ind.Ct.App.1990) and *Dalton v. State*, 560 N.E.2d 558 (Ind.Ct.App.1990). However, we disagree with Parker's analogy. In both *Weatherly* and *Dalton*, the probationer denied the allegations of a probation violation. The probation revocations were overturned on appeal because the records indicated that no evidence was presented or witnesses sworn to testify. Instead, there was simply an informal conversation between the parties. *Weatherly, supra*, at 351–52; *Dalton, supra*, at 560. Because no actual evidentiary hearing was held, there was no evidence to support the revocations. *Weatherly, supra*, at 352; *Dalton, supra*, at 560. Parker's situation is clearly distinguishable because he admitted to the violations through his attorney. Although our research reveals no Indiana cases holding that a probation violation can be admitted by a probationer's attorney, federal courts which have addressed the issue allow an admission by a probationer's attorney to suffice. *See U.S. v. Berry*, 814 F.2d 1406 (9th Cir.1987) (attorney's stipulation of probation violation sufficient); *U.S. v. Diaz–Burgos*, 601 F.2d 983 (9th Cir.1979) (admission by attorney sufficient to support finding of revocation). In light of the fact that a probation revocation proceeding is not a criminal proceeding, but a civil one, and a probationer is not entitled to the full panoply of constitutional rights afforded a criminal defendant, we see no compelling reason to conclude differently. The general rule is that a client is bound by his attorney's actions in civil proceedings. *Lystarczyk v. Smits*, 435 N.E.2d 1011, 1014 n. 5 (Ind.Ct. App.1982). A clear and unequivocal admission of fact by an attorney is a judicial admission which is binding on the client. *Id.* at

1014. Therefore, the admission of a violation by Parker's attorney is binding on him.[4]

## II.

### Sufficiency

Next, Parker argues that the evidence is insufficient to support the revocation of his probation. The State must prove a probation violation by a preponderance of the evidence. *Braxton v. State*, 651 N.E.2d 268, 270 (Ind.1995), *reh. denied.* On review, we neither weigh the evidence nor judge the credibility of witnesses. *Id.* We look only to the evidence most favorable to the State. *Id.* So long as substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the judgment. *Id.*

We have already determined that Parker admitted the probation violation through his attorney. This admission supports the trial court's finding that a violation occurred. Accordingly, we conclude that the evidence is sufficient. *Id.*

Affirmed.

GARRARD and BARTEAU, JJ., concur.

---

4. In a related argument, Parker argues that he did not actually admit to the violations. He points to various statements he made during the discussions with the trial court concerning his confusion about the reporting requirements of probation to support this argument. The statements, however, do not address whether he reported to the probation department or not. Instead, the statements address why he failed to report which are statements in mitigation of the violation. This raises a different procedural issue.

The simple finding that a probation violation occurred is not sufficient to revoke a defendant's probation. *Morrissey, supra*, at 488, 92 S.Ct. at 2603–04; *Holland, supra*, at 1051; *Diaz–Burgos*, *supra*, at 985. It is equally necessary for the court to determine whether the violation warrants revocation. *Holland, supra*, at 1051; *Diaz–Burgos, supra*, at 985. In making that determination, the probationer must be given an opportunity to present evidence which explains and mitigates his violation. *Morrissey, supra*, at 488, 92 S.Ct. at 2603–04; *Holland, supra*, at 1051.

Here, however, Parker entered into an agreement with the State by which he agreed to admit to the violations and have his probation revoked in exchange for less than the entire suspended sentence being imposed. This eliminated the need for the court to determine whether the violation warranted revocation.