**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
May 07 2012, 9:16 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

RICHARD WILLIAMS,       )
                        )
    Appellant-Defendant,  )
                        )
        vs.        )       No. 48A02-1107-CR-635
                        )
STATE OF INDIANA,       )
                        )
    Appellee-Plaintiff.   )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle III, Judge
Cause No. 48C01-1007-FD-263

**May 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Richard Williams appeals the revocation of his probation. Williams claims the court found violations that were without support in the record and should not have ordered him to serve his full suspended sentence. We affirm.

**FACTS AND PROCEDURAL HISTORY**

In early 2011, Williams began serving 813 days of probation. The terms of his probation, among other things, imposed a midnight curfew, prohibited him from using alcohol, and ordered him not to have contact with Marcy Jackson, his wife.

On April 18, 2011, police in Anderson, Indiana responded to a call from Jackson, who alleged Williams came to her house and battered her. Around 12:15 a.m., police spotted Williams riding a bicycle along a local road. Williams' appearance was consistent with his admission that he had been in an altercation with Jackson; his "clothing was torn, he was missing a shoe, [and] he had mud all over his clothes." (Tr. at 28.) In addition, Williams smelled of alcohol, spoke in slurred speech, and appeared unsteady on his feet. Police were advised that Jackson had a no-contact order against Williams, and they arrested Williams for invasion of privacy and transported him to jail.

On April 20, 2011, the State filed a Notice of Violation of Probation, alleging Williams had violated the following conditions of his probation: (a) committing a crime, invasion of privacy, while on probation, constituting a "new criminal offense"; (b) failing to pay probation fees; (c) failure to pay administrative fees; (d) failing to abstain from the use of alcohol; (e) curfew violation; and (f) violating the no-contact order. (App. at 20.)

Following a revocation hearing held on June 27, 2011, the trial court found that Williams had committed the aforementioned six violations of probation and ordered him

2

to serve the previously suspended 813 days of his sentence in the Indiana Department of Correction.

## DISCUSSION AND DECISION

Williams argues the trial court abused its discretion when it revoked his probation. We disagree.

"'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Runyon v. State*, 939 N.E.2d 613, 618 (Ind. 2010) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). "The State must prove a probation violation by a preponderance of the evidence." *Parker v. State*, 676 N.E.2d 1083, 1086 (Ind. Ct. App. 1997). Violation of a single condition of probation is sufficient to justify revocation of probation. *Snowberger v. State*, 938 N.E.2d 294, 296 (Ind. Ct. App. 2010). Once a trial court decides to revoke probation, it

> may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; (3) order execution or all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(g).

"On review, we neither weigh the evidence nor judge the credibility of witnesses." *Parker*, 676 N.E.2d at 1086. "We only look to the evidence most favorable to the State . . . [and as] long as substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the judgment." *Id.*

Williams argues the evidence does not support finding he violated the no contact order that was a condition of his probation. At his revocation hearing, Williams admitted

3

he and Jackson argued in the same room on the night in question. A defendant's "admission supports the trial court's finding that a violation occurred." *Id*. As the evidence demonstrates a violation of the no-contact order, we find no error in the court's finding.

Regarding the finding that Williams committed a "new" offense, his admission is also sufficient evidence to support finding this violation.[1] Ind. Code § 35-46-1-15.1 provides: "A person who knowingly or intentionally violates . . . a no contact order issued as a condition of probation . . . commits invasion of privacy, a Class A misdemeanor." Williams testified that he and Jackson had a face-to-face confrontation. Even if, as Williams alleges, Jackson found him and initiated their interaction, he could be convicted of invasion of privacy. *See Dixon v. State*, 869 N.E.2d 516, 520 (Ind. Ct. App. 2007) (stating "we do not consider whether the victim knowingly ignored the protective order but, rather, whether the defendant knowingly violated the protective order" and noting defendant could be convicted of invasion of privacy for violating protective order, "even if [protected person] invited [defendant] to the residence"). Thus, his admission demonstrates by a preponderance of the evidence that he committed invasion of privacy.

---

[1] Williams suggests the finding he committed invasion of privacy improperly relied on the officer's testimony about Jackson's report of the crime on the night in question, which report Williams claims was inadmissible hearsay. We first note Williams incorrectly asserts: "The trial court gave no explanation [sic] of why the hearsay statement of Anderson [sic] possessed substantial trustworthiness." (Br. of Appellant at 7.) In fact, when addressing Williams' objection, the court said: "The only concern is whether or not there's substantial (inaudible) reliability and uhm, the Court finds that it is the case in fact if he's reporting to what this person told him in the course of his investigation. So objection overruled." (Tr. at 26.) In addition, as Williams' own testimony was sufficient to find violation of the protective order, any possible error in the admission of the officer's testimony was harmless. *See Hoglund v. State*, 962 N.E.2d 1230, 1240 (Ind. 2012) (where conviction was "supported by substantial independent evidence of his guilt . . . error in admitting the testimony was harmless).

4

Williams does not challenge the court's finding he violated the terms of his probation by consuming alcohol and staying out past curfew. We note the trial court stated that, but for Williams' commission of a new crime, the court would not have revoked Williams' probation.[2] We also note that, during the sentencing hearing at which the underlying probation was imposed, the trial court mentioned Williams' criminal history and said: "if you violate the rules of probation this final time it is all but a certainty, if you commit a new criminal offense, . . . you [are] gonna [sic] do your back up time." (Tr. at 15.) Given Williams' criminal history and prior violations of probation, the warning he received at sentencing, in addition to Williams' commission of a new crime, violation of a no contact order, use of alcohol, and curfew violation, we decline to find an abuse of discretion in the trial court's revocation of his entire suspended sentence. Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.

---

[2] In light of that statement, we decline to address Williams' arguments regarding whether the evidence supported finding he recklessly, knowingly, or intentionally failed to pay administrative fees and probation fees. Moreover, even had the trial court made no such statement, we could not find an abuse of discretion in revocation based on the four violations that we know were properly found.