**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RYAN W. TANSELLE**
Capper Tulley & Reimondo
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN JOSEPH RAMSEY II,  )
                         )
    Appellant-Defendant,  )
                         )
       vs.  )  No. 32A04-1306-CR-275
                         )
STATE OF INDIANA,  )
                         )
    Appellee-Plaintiff.  )

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Karen M. Love, Judge
Cause No. 32D03-0909-FB-10

**February 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

John Joseph Ramsey II, appeals the trial court's revocation of his probation. Ramsey presents three issues for our review:

1.      Whether the trial court denied him his right to due process.

2.      Whether the State presented sufficient evidence to support the revocation of his probation.

3.      Whether the trial court abused its discretion when it ordered him to serve the remainder of his sentence in the Department of Correction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 10, 2009, Ramsey pleaded guilty to criminal recklessness, as a Class D felony. The trial court sentenced him to 1095 days with 1005 days suspended to probation. On January 7, 2013, Ramsey had been drinking alcohol and arguing with Louise Shoemaker, his live-in girlfriend, when he struck her on her foot with an arrow and struck her on her head with a hatchet. On January 31, the State filed a notice of probation violation[1] alleging that Ramsey had been charged with battery, as a Class C felony, and domestic battery, as a Class A misdemeanor, in Cause Number 32D01-1301-FC-3 ("FC-3") as a result of his actions on January 7. Following a trial in FC-3, which concluded on May 2, 2013, a jury acquitted Ramsey of battery, but it did not return a verdict on the domestic battery charge.

---

[1] Ramsey does not dispute that he was on probation at the time of the alleged violation. The trial court's November 10, 2009, sentencing order states that the 1095-day sentence was to run "consecutive to Boone Co. probation." Appellant's App. at 32.

On May 16, the trial court held an evidentiary hearing on the notice of probation violation. At the hearing, the State moved to incorporate into the evidence the testimony and exhibits presented at the jury trial in FC-3, which the trial court did without any objection from Ramsey. In addition, the trial court heard testimony from Shoemaker as well as testimony from Ramsey's son, Tyler. Shoemaker testified that she had lived with Ramsey for two years and that during that time he had committed battery against her multiple times. Shoemaker testified that Ramsey "often" became intoxicated and that he "sometimes" hit her while he was intoxicated. Transcript at 429. Tyler testified that he had lived with Ramsey and Shoemaker for a period of time and that he was present one day when Ramsey broke bones in Shoemaker's hand with a machete. Tyler also testified that he had driven Shoemaker to the hospital on January 7 after the altercation that led to the charges in FC-3.

The trial court found that, "based on the evidence heard at the jury trial[,]" the State had proved by a preponderance of the evidence that Ramsey had violated the terms of his probation. Id. at 444. Accordingly, the trial court revoked Ramsey's probation and ordered him to serve the remainder of his sentence in the Department of Correction. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Due Process

The due process requirements of a probation revocation proceeding are well-established:

3

Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. [Parker v. State, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)] (citing Morrissey v. Brewer, 408 U.S. 471, 482 (1972)). Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. Id.

The minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. Id. (citing Morrissey, 408 U.S. at 489).

Probation revocation is a two-step process. Id. First, the court must make a factual determination that a violation of a condition of probation actually has occurred. Id. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. Id. Indiana has codified the due process requirements at Ind. Code § 35-38-2-3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses and representation by counsel. Id.; see also Ind. Code § 35-38-2-3(d), (e). . . . In making the determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. Id. at 1086[ ] n.4.

Cox v. State, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006).

Here, Ramsey contends that he was denied his right to due process in two respects. First, he maintains that the trial court "failed to provide [him] with a written statement as to the evidence relied on and reasons for revoking probation[.]" Appellant's Brief at 8. Second, he asserts that the trial court admitted over his objection "evidence of other alleged acts of battery against Shoemaker by [Ramsey] that occurred before the filing of

4

the Petition and Notice of Probation Violation." Id. at 9. We address each contention in turn.

In support of his first contention, Ramsey claims that the trial court's stated reliance on the evidence presented at the jury trial in revoking his probation is insufficient. In particular, Ramsey maintains that the trial court did not make a "clear statement of reasons for revoking [his] probation[,]" which "is a violation of the judicially[ ]established due process requirement that a written statement, or a clear statement from the trial court through the transcript, be prepared by the trial court." Appellant's Brief at 9. We cannot agree.

This court has held that "placing the transcript of the evidentiary hearing in the record, although not the preferred way of fulfilling the writing requirement, is sufficient if it contains a clear statement of the trial court's reasons for revoking probation." Hubbard v. State, 683 N.E.2d 618, 621 (Ind. Ct. App. 1997). Here, the trial court stated:

> Really based on the evidence heard at the jury trial I would find that the State did prove by a preponderance of the evidence that the Defendant did violate the terms and conditions of his probation by—it's not a crime because it's only beyond a preponderance of the evidence but that certainly by a preponderance of the evidence you've demonstrated that he—domestic battery was proven. Again, not beyond a reasonable doubt. I just want to make sure it's the difference in the burden of proof.

Transcript at 444. Again, the trial court incorporated the transcript and exhibits from the jury trial in FC-3 into the evidence. We hold that the trial court sufficiently stated its reasons for revoking Ramsey's probation.

With respect to Ramsey's contention that he was denied due process when the trial court admitted into evidence alleged acts of battery that had not been included in the

5

notice of probation violation, we agree with the State that the record discloses that the trial court did not rely on any such evidence in revoking Ramsey's probation. The trial court made clear that it relied on the evidence presented at the jury trial, of which Ramsey had notice. The trial court addressed the Shoemaker and Tyler testimony at the evidentiary hearing about the pre-violation violence only with respect to sentencing. In particular, the trial court stated that it was concerned about "the best way to address" the fact that Ramsey has a history of being violent when he is intoxicated. Id. 453. The trial court asked the probation department to determine whether there are "programs that are available for Mr. Ramsey to address his alcohol and drug issues . . . and whether he can get [help] at DOC or work release or what options we have." Id. at 454. Ramsey has not demonstrated that he was denied his right to due process.

**Issue Two: Sufficiency of the Evidence**

When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. Piper v. State, 770 N.E.2d 880, 882 (Ind. Ct. App. 2002), trans. denied. Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. Parker v. State, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. Id.

Ramsey maintains that the State "did not present substantial evidence of probative value to warrant a finding that [he had] violated his probation." Appellant's Brief at 11. In particular, Ramsey contends that all of the evidence presented at the jury trial in FC-3

6

was based entirely on Shoemaker's version of events that allegedly took place on January 7, 2013, and Ramsey maintains that that evidence lacked probative value. Ramsey asserts that the fact that the jury placed no value on Shoemaker's testimony or statements is "indicative of the lack of substantial evidence of probative value submitted by the State." Id. at 12. We cannot agree.

The State presented evidence that Ramsey committed battery and domestic battery against Shoemaker. Because the jury acquitted Ramsey of the battery charge and failed to return a verdict on the domestic battery charge, the State obviously did not satisfy its burden to prove those crimes beyond a reasonable doubt. But we cannot say that the trial court erred when it found that the State had proved the allegation of domestic battery by a preponderance of the evidence. Ramsey's contention on this issue amounts to a request that we reweigh the evidence, which we will not do.

**Issue Three: Sentence**

Finally, Ramsey contends that the trial court abused its discretion when it ordered him to serve the balance of his sentence in the Department of Correction. We review a trial court's sentencing decision following a probation revocation for an abuse of discretion. Sanders v. State, 825 N.E.2d 952, 957 (Ind. Ct. App. 2005). An abuse of discretion will be found "where the decision is clearly against the logic and effect of the facts and circumstances." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).

Indiana Code Section 35-38-2-3 provides in relevant part:

(h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within

7

the probationary period, the court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

In support of his contention on this issue, Ramsey alleges that

> the trial court improperly considered evidence that was not originally alleged by the State. Additionally, the revocation of [Ramsey's] probation went against the logic and effect of the facts and circumstances of the case as this was [Ramsey's] only probation violation during his greater than two[-] (2[-]) year term on probation and was unsubstantiated by a jury. Instead, the trial court placed full weight in the testimony of Shoemaker, who repeated her story to Deputy Hibschman and Tyler, to determine that [Ramsey's] actions warranted a full revocation of his sentence. This goes against the logic and effect of the facts and circumstances of the case as Shoemaker's testimony and statements to Deputy Hibschman and Tyler were inconsistent.

Appellant's Brief at 13.

Again, the trial court considered Shoemaker's and Tyler's testimony regarding Ramsey's history of drinking and violence only with respect to his need for appropriate treatment. After revoking Ramsey's probation, the trial court discussed whether Ramsey was a candidate for work release and whether he would receive better treatment for his alcohol abuse through the Department of Correction. Following a short recess, the trial court determined that Ramsey was not a candidate for work release. Ramsey has not demonstrated that the trial court's imposition of this sentence is against the logic and

8

effect of the facts.  The trial court's sentence is supported by the evidence.  The trial court did not abuse its discretion when it sentenced Ramsey to 1005 days executed.

Affirmed.

BAKER, J., and CRONE, J., concur.