## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Matthew J. Elkin
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Austin Barnard, *Appellant-Defendant,* | July 21, 2015 |
| | Court of Appeals Case No. 34A02-1412-CR-896 |
| v. | Appeal from the Howard Superior Court. |
| State of Indiana, *Appellee-Plaintiff* | The Honorable William C. Menges, Jr., Judge. Cause No. 34D01-1406-CM-515 |

**Baker, Judge.**

[1] Austin Barnard appeals the trial court's revocation of his probation and argues that the trial court erred when it ordered the remainder of his suspended sentence to be executed. Barnard contends that he was never apprised of the terms of his probation and, therefore, could not have violated terms of which he was not aware. In addition, Barnard argues that he was never informed of the consequences of an admission without counsel or of incremental penalties. Finding no error, we affirm.

## Facts

[2] On June 30, 2014, Barnard was charged with invasion of privacy and trespass. On July 10, 2014, he pleaded guilty to both charges. At the time he committed his crimes, Barnard was on probation for a class D felony theft conviction. Barnard was sentenced to one year of incarceration with eighty days executed and 285 days suspended to probation for invasion of privacy and to one year suspended to probation for trespass. The sentences were ordered to be served consecutively to one another and also with Barnard's sentence for his prior theft conviction.

[3] On August 18, 2014, Barnard was arrested on a new charge of invasion of privacy. On September 18, 2014, the State filed its petition to revoke Barnard's suspended sentence. On October 23, 2014, the trial court held a hearing on the State's petition to revoke suspended sentence.

[4] At the hearing, the trial court advised Barnard as follows:

For those of you who are here for an initial hearing in connection with a Petition to Revoke a previously suspended sentence, please be advised that you have certain rights in connection with that proceeding. You have the right to have a hearing at which the State must prove the allegations against you by a preponderance of the evidence. You have a right to receive the allegations against you in writing, you have the right to have the evidence against you disclosed to you. You have the right to be represented by an attorney and if at any time you cannot afford an attorney, one will be appointed to represent you at public expense. You have the right to be present at any hearing to be heard and present evidence on your own behalf. The court will assist you by issuing orders to witnesses to come to court and testify on your behalf. You have the right to confront, question, and cross-examine the witnesses against you. In the event the State of Indiana does prove the allegations against you by a preponderance of the evidence, the court may impose any or all of the previously suspended sentence, the court may change the rules and conditions of your probation, the court may extend the length of your probation, or any combination of the three.

Tr. p. 10-11.

[5]     The trial court then told Barnard that the State had alleged that he had violated a term of his probation by committing a new crime—invasion of privacy. Barnard stated that he understood his rights, and that he intended to plead guilty to the violation. The following exchange then occurred:

Trial Court:   You understand that pleading guilty will not get you out of jail today?

Barnard:      I do.

Trial Court:   You understand pleading guilty could result in your spending the next two years of your life in the Hoard [sic] County Jail?

Barnard.      Yes, Sir.

* * *

| | |
|---|---|
| Trial Court: | You feel that the plea of true you're offering now is your own free choice and decision? |
| Barnard: | It is. |
| Trial Court: | Do you agree that you were on probation? |
| Barnard: | Yes. |
| Trial Court: | Do you agree that as a condition of your probation you were to commit no new criminal offenses. |
| Barnard: | Yes. |
| Trial Court: | Do you agree that in Hancock County . . . you committed a new criminal offense of Invasion of Privacy as a Class A misdemeanor? |
| Barnard: | I do, sir. |
| Trial Court: | And you agree that's a violation of your probation? |
| Barnard: | Yes. |

*Id.* at 12-14.

[6] The trial court accepted Barnard's admission and scheduled a penalty hearing. Barnard orally requested to withdraw his admission, but provided no evidence or offer to prove. The trial court denied Barnard's request to withdraw.

[7] A penalty hearing was held on December 4, 2014. At the hearing, the trial court noted that Barnard had received a sentence of 122 days for the new invasion of privacy conviction. The trial court also noted that Barnard had another felony case pending in another court. The trial court ordered that the remainder of Barnard's sentence—650 days—be executed. Barnard now appeals.

# Discussion and Decision

[8] Barnard argues that the trial court erred in executing the remainder of his suspended sentence. Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). First, the court must make a factual determination that a violation of a condition of probation has occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* Indiana has codified the due process requirements at Indiana Code section 35-38-2-3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses and representation by counsel. *Id.*; *see also* Ind. Code § 35-38-2-3(d),(e).

[9] When a probationer admits to the violations, the procedural due process safeguards and an evidentiary hearing are not necessary. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* In making the determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains or mitigates his violation. *Id.* at 1086, n.4.

# I. Knowledge of Probation Conditions

[10] Barnard maintains that he was never apprised of the fact that committing a new crime was a violation of his probation. He argues that he never signed anything to that effect, and that, therefore, he could not violate terms that did not exist.[1]

[11] At the outset, we note that Barnard has waived this argument. He never raised this claim to the trial court. Neither did he move to dismiss the petition to revoke his suspended sentence. It is well established that, in order to preserve a claim of error for appeal, a defendant must make a contemporaneous objection to the trial court. *Ware v. State*, 816 N.E.2d 1167, 1179 (Ind. Ct. App. 2004). Barnard failed to make such an objection, and has therefore waived his argument.

[12] Waiver notwithstanding, we will address the merits of Barnard's argument. Barnard maintains that he was never given the written terms of his probation. Even if we assume that Barnard's claims could be substantiated, Barnard admitted that he understood that it was a condition of his probation that he not commit further crimes. Tr. p. 12-14. Twice he told the trial court that he understood that committing a crime was a violation of his probation. *Id.* Furthermore, while certain probation conditions are generally required to be presented to a defendant in writing, the condition that a defendant refrain from

---

[1] Barnard also asks this Court to review his sentence pursuant to Appellate Rule 7(B). We do not review the revocation of probation under that rule.

committing further crimes is not one of them. *See Lucas v. State*, 501 N.E.2d 480, 481 (Ind. Ct. App. 1986) ("[T]he condition that a defendant on probation refrain from criminal conduct is imposed by law, even in the absence of any express condition of probation imposed by the court."). Therefore, this argument fails.

# II. Knowledge of the Consequences of Waiver

[13] Barnard also asserts that he was never appraised of the consequences of waiver or of the progressive sanctions permitted by Indiana Code sections 35-38-2-3(e) and (f). Indiana Code section 35-38-2-3(e) provides:

> A person may admit to a violation of probation and waive the right to a probation violation hearing after being offered the opportunity to consult with an attorney. If the person admits to a violation and requests to waive the probation violation hearing, the probation officer shall advise the person that by waiving the right to a probation violation hearing the person forfeits the rights provided in subsection (f). The sanction administered must follow the schedule of progressive probation violation sanctions adopted by the judicial conference of Indiana under IC 11-13-1-8.

Indiana Code section 35-38-2-3(f) states: "Except as provided in subsection (e), the state must prove the violation by a preponderance of the evidence. The evidence shall be presented in open court. The person is entitled to confrontation, cross-examination, and representation by counsel."

[14] Barnard was clearly advised of all of these rights at the commencement of his hearing. Tr. p. 11. He acknowledged that he had been advised of these rights before waiving them. A defendant's due process rights are not violated when

his waiver of his rights is knowing and voluntary. *Cooper v. State*, 900 N.E.2d 64, 67-71. Thus, this argument fails.

[15] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.