## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2016, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rodney D. Lloyd,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 29, 2016<br><br>Court of Appeals Case No.<br>79A04-1510-CR-1800<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Jon P. Phillips,<br>Judge Pro Tempore<br><br>Trial Court Cause Nos.<br>79D05-1405-CM-291,<br>79D05-1307-FD-317 |

**Baker, Judge.**

Rodney Lloyd appeals the trial court's revocation of his probation. He argues that the trial court improperly admitted a probable cause affidavit into evidence. Finding that any error was harmless, we affirm.

## Facts

On November 13, 2013, Lloyd pleaded guilty to two criminal charges: class D felony receiving stolen property and class A misdemeanor carrying a handgun without a license. The trial court sentenced Lloyd to an aggregate term of 910 days, of which 262 days had already been served. The balance of 648 days would be served on unsupervised probation.

On July 1, 2014, Lloyd pleaded guilty to another crime: class B misdemeanor false informing. The trial court sentenced Lloyd to a further 180-day sentence. However, pursuant to a plea agreement, the court ordered that only 68 days be served; the remaining 112 days were suspended to unsupervised probation. The terms of Lloyd's probation included good and lawful behavior for both the 2013 and 2014 convictions.

In November 2014, the State filed petitions to revoke Lloyd's probation in both causes because he had been arrested and charged with armed robbery and several other related offenses. The trial court conducted a hearing on the State's petitions on September 23, 2015, at which Lloyd testified. He admitted that he had been convicted and sentenced on the armed robbery charge and that he had been on probation when he committed that offense.

[5] During the hearing, the trial court also admitted the affidavit of probable cause from the new armed robbery case. The author of this document is identified only as "Affiant," with no indication of who "Affiant" is, and the signature on the document is illegible.

[6] The trial court found that Lloyd had violated the terms of his probation. It revoked Lloyd's probation and ordered him to serve the balance of his sentences. Lloyd now appeals.

## Discussion and Decision

[7] Lloyd argues that the trial court erred by admitting the affidavit of probable cause into evidence. He argues that the document bore insufficient indicia of reliability. In short, he questions the document's trustworthiness.

[8] Probation is not a right to which a criminal defendant is entitled; instead, it is a matter that is left to the discretion of a trial court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Revocation of probation is a two-step process. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). First, a trial court must make the factual determination that a violation of a condition of probation has actually occurred. *Id.* Second, after a violation of the conditions of probation has been established, a trial court must then determine whether the violation warrants revocation of the probation. *Id.* By statute, this determination is made in an evidentiary hearing unless the probationer admits to the violation. Ind. Code § 35-38-2-3. In a probation revocation hearing, a defendant, though

endowed with certain due process rights, is not afforded the same formal procedural and evidentiary rules that must be followed at criminal trials. *Gagnon v. Scarpelli*, 411 U.S. 778, 789 (1973). Our Supreme Court has stated that, in probation revocation hearings, courts may consider any relevant evidence that bears indicia of reliability, including reliable hearsay. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999).

[9] Even if we accepted Lloyd's argument that the admission of the probable cause affidavit into evidence was error, we find that it would be harmless error. *See, e.g.*, *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010) (explaining that admission of evidence in a probation revocation hearing is harmless error if there are independent grounds for a court to revoke probation). It was unnecessary for the trial court to rely upon the affidavit, as Lloyd admitted under oath that he committed the armed robbery offense while on probation. The trial court was aware of the problematic nature of the affidavit, but stated, "I don't even know that I need to necessarily rely so much on [the affidavit] . . . He was clearly on probation for both these cases at the time this incident occurred and there's twelve people who found beyond a reasonable doubt that the defendant did commit the crime." Tr. p. 12-13. Therefore, the trial court did not need to rely on the probable cause affidavit to find that Lloyd had violated probation, and any error was harmless.

[10] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.