## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2019, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel A. Moon
Daniel Moon Law Office, LLC
Princeton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory A. Davis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 29, 2019

Court of Appeals Case No.
19A-CR-1198

Appeal from the Gibson Superior Court

The Honorable Robert Krieg, Judge

Trial Court Cause No.
26D01-1811-CM-1209

**Crone, Judge.**

# Case Summary

Gregory A. Davis was charged with class A misdemeanor operating while intoxicated ("OWI") with endangerment, class C misdemeanor OWI, and three infractions. The trial court found that he had knowingly refused a certified chemical breath test ("chemical test") and suspended his driver's license pursuant to Indiana Code Section 9-30-6-7. He filed a petition for judicial review of his license suspension, which the trial court denied in an order reaffirming its finding of a knowing refusal to submit to the chemical test. Davis now appeals the denial of his petition. We affirm.

# Facts and Procedural History

The facts most favorable to the judgment are as follows. Around 2:00 a.m. on November 2, 2018, Indiana State Trooper Taylor Fox was patrolling U.S. Highway 41, where the posted speed limit was sixty miles per hour. A vehicle passed him traveling at eighty-seven miles per hour. When the driver, Davis, saw his vehicle, he suddenly applied his brakes. Shortly thereafter, he passed a semi and accelerated to more than seventy-five miles per hour. He passed several other vehicles and changed lanes without signaling. Trooper Fox conducted a traffic stop, and as he stood at the window of Davis's vehicle, he detected the odor of an alcoholic beverage. Davis had glazed eyes and poor balance, and his speech was slurred as he explained that he had been playing in a pool tournament. He admitted that he had consumed some alcoholic beverages. Trooper Fox explained that he was going to conduct some tests to ensure that Davis could safely operate his vehicle. Davis failed both field

sobriety tests that he took and refused to take a third test. He took a portable breathalyzer test, which registered a blood alcohol concentration of .146. Trooper Fox informed Davis that he would need to undergo a chemical test and read him "implied consent from a card."[1] Tr. Vol. 2 at 6. Davis initially agreed to submit to the chemical test, and Trooper Fox placed him in handcuffs and took him to the Gibson County Jail. Once there, Davis refused to take the chemical test and was remanded to the jail.

[3] The State charged Davis with class A misdemeanor OWI with endangerment, class C misdemeanor OWI, and infractions for speeding, failure to signal, and an unsafe lane movement. At Davis's initial hearing, the trial court found probable cause that Davis had refused to submit to a chemical test and suspended his driving privileges. Davis filed a petition for judicial review, requesting a judicial determination as to whether he had knowingly refused to take the chemical test. He claimed that Trooper Fox had failed to inform him that his refusal to submit to a chemical test would result in the suspension of his driving privileges. The trial court conducted a hearing and issued an order affirming its earlier finding that Davis had knowingly refused the chemical test. Davis now appeals. Additional facts will be provided as necessary.

---

[1] Implied consent is based on the statutory provision that a person who operates a vehicle "impliedly consents" to submit to a chemical test as a condition of operating a vehicle in this state and is subject to license suspension if he refuses to do so. Ind. Code §§ 9-30-6-1, -7.

# Discussion and Decision

[4]    Davis challenges the trial court's denial of his petition for judicial review. "The trial court's denial of a petitioner's petition for judicial review is a final appealable judgment in the manner of a civil action." *Burnell v. State*, 56 N.E.3d 1146, 1149-50 (Ind. 2016). As the petitioner below, Davis bore the burden of proof by a preponderance of the evidence. *Id*.; Ind. Code § 9-30-6-10(f). He therefore appeals from a negative judgment. *Burnell*, 56 N.E.3d at 1149-50.

> On appeal from a negative judgment, this Court will reverse the trial court only if the judgment is contrary to law. A judgment is contrary to law if the evidence leads to but one conclusion and the trial court reached an opposite conclusion. In determining whether the trial court's judgment is contrary to law, we will consider the evidence in the light most favorable to the prevailing party, together with all reasonable inferences therefrom. We neither reweigh the evidence nor judge the credibility of witnesses. Further, [w]hen appealing from a negative judgment, a party has a heavy burden to establish to the satisfaction of the reviewing court that there was no basis in fact for the judgment rendered.

*Id*. at 1150 (citations and quotation marks omitted).

[5]    "A person who operates a vehicle impliedly consents to submit to the chemical test provisions of [Indiana Code Chapter 9-30-6] as a condition of operating a vehicle in Indiana." Ind. Code § 9-30-6-1. "If a person refuses to submit to a chemical test, the arresting officer shall inform the person that refusal will result in the suspension of the person's driving privileges." Ind. Code § 9-30-6-7(a). If he refuses to submit to a chemical test after having been advised that his refusal

will result in the suspension of his driving privileges, the arresting officer is required either to obtain his driver's license pending a hearing or to submit a probable cause affidavit to the prosecuting attorney. Ind. Code § 9-30-6-7(b).

[6] Davis claims that Trooper Fox did not read him the card and that he therefore was not properly informed that he could lose his driver's license for refusing to submit to a chemical test. The record shows that Davis initially agreed to take the chemical test but changed his mind after he arrived at the jail. He does not dispute that he, in fact, refused to take the chemical test. Instead, he asserts that his refusal did not amount to a "knowing" refusal because he was not properly informed concerning implied consent. *See Hurley v. State*, 75 N.E.3d 1074, 1078 (Ind. 2017) ("a person does not *refuse* a chemical test if the officer failed to comply with the rules for conducting it.") (emphasis added).

[7] Trooper Fox testified with respect to implied consent, "I read it from a card there on scene. He [Davis] agreed to it, and we went to Gibson County Sheriff's Department where the certified test is." Tr. Vol. 2 at 6. He explained his standard procedure, saying, "I know it verbatim, but I never recite it verbatim." *Id*. "I read it the same way every time. I have a backup card. I believe I have three of them in my pocket … I never just say it." *Id*. at 14. He further explained, "Standard procedure is we just have to read them implied consent and go from there. We have to read it to them one time, offer them the chemical test, and proceed however they choose to proceed with either an acceptance or a refusal." *Id*. at 7. He testified that he always reads implied consent to the driver at the scene of the traffic stop and typically again at the

jail, though not always. *Id*. at 7-8. He elucidated, "typically, if somebody has refused [the chemical test] on scene, upon reading it to them again, they will sometimes change their mind and then take the test. That wasn't the case with [Davis]." *Id*. at 13.

[8]     Davis points to inconsistent evidence concerning whether Trooper Fox read him the implied consent at the jail. The trooper's original affidavit indicated that he had done so, but video footage from the jail, admitted as an exhibit, did not capture any such reading during the time when Trooper Fox was setting up the chemical test. Trooper Fox explained that he used a template when composing his affidavits and that he either mistakenly failed to delete his standard information about rereading the implied consent or had already reread the implied consent before the video footage began. He nevertheless believed that he had reread it, as it was his practice to reread it and to fill out his paperwork accurately. He testified repeatedly and unequivocally that he read the implied consent to Davis at the scene of the traffic stop. The implied consent statute does not require more than one reading, and while we are not unmindful that the evidence is conflicting as to whether Trooper Fox read the implied consent card to Davis a second time, we remind Davis that we may not reweigh evidence. *Burnell*, 56 N.E.3d at 1150. With respect to Davis's self-serving testimony that there was no mention of license suspension during the traffic stop and that to his knowledge, Trooper Fox did not read information to him from a card, *id*. at 18, we again decline his invitation to reweigh evidence. To the extent that he now claims that there was no evidence as to the contents

of the card, he did not raise this in the trial court, where the contents would have been easily ascertainable through testimony or as an exhibit. As such, he has waived this issue for consideration on appeal.[2] *See Pigg v. State*, 929 N.E.2d 799, 803 (Ind. Ct. App. 2010) (claims are generally waived if raised for first time on appeal), *trans. denied*.

[9] Simply put, Davis has failed to meet his burden of demonstrating that the evidence leads to but one conclusion and that the trial court reach an opposite conclusion. Accordingly, we affirm.

[10] Affirmed.

Baker, J., and Kirsch, J., concur.

---

[2] Waiver notwithstanding, we note that during questioning, Davis's counsel described the contents of the implied consent card as follows:

> I can tell you, having done this for some 37 years, that card is essentially going to say, I have probable cause to believe you operated a vehicle while intoxicated and I must now offer you the opportunity to take a chemical test. Will you take a chemical test? If you fail to take the chemical test, your license can be suspended for one year or will be suspended for one year.

Tr. Vol. 2 at 18. In a quasi-civil proceeding such as probation revocation, "a clear and unequivocal admission of fact by an attorney is a judicial admission which is binding on the client." *Parker v. State*, 676 N.E.2d 1083, 1086 (Ind. Ct. App. 1997). Similarly, here, where Davis sought judicial review and had the burden of proving his claims by a preponderance of the evidence, his counsel's admission concerning the contents of the implied consent card could be considered binding on Davis.