

**FILED**

Apr 15 2020, 6:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Kiesler
Kiesler Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derek J. Tanksley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 15, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2411<br><br>Appeal from the Washington<br>Circuit Court<br><br>The Honorable Larry W. Medlock,<br>Judge<br><br>Trial Court Cause No.<br>88C01-1906-F6-495 |

**Sharpnack, Senior Judge.**

# Statement of the Case

Derek J. Tanksley appeals his conviction by jury of failure to appear, a Level 6 felony.[1] He also appeals the sentence the trial court imposed for his conviction and for an habitual offender enhancement. We affirm.

# Issues

Tanksley raises two issues, which we restate as:

  I.    Whether the evidence is sufficient to sustain Tanksley's conviction.

  II.   Whether Tanksley's sentence is appropriate in light of the nature of the offense and his character.

# Facts and Procedural History

The State had filed charges, including a Level 6 felony, against Tanksley in a prior case. Tanksley, by counsel, filed a motion in that case to be released from pretrial incarceration. The trial court granted his request. On April 2, 2019, Tanksley was released from jail after he signed a "Release on Personal Recognizance." Tr. Vol. 3, p. 10. The Release stated that Tanksley promised to appear in the Washington County Superior Court on May 29, 2019, at 9 a.m., to answer for the pending charges. The Release further stated, "I UNDERSTAND THAT FAILURE TO APPEAR AT THE ABOVE

---

[1] Ind. Code § 35-44.1-2-9 (2014).

STATED TIME OR TIMES AS REQUIRED WILL RESULT IN THE IMMEDIATE ISSUANCE OF A WARRANT FOR MY ARREST." *Id.* The Release also stated, "I HAVE READ ALL OF THIS DOCUMENT AND FULLY UNDERSTAND ALL TERMS AND CONDITIONS OF IT." *Id.*

[4] Tanksley did not appear in court on May 29, 2019 at the required time. That same day, the court ordered the trial court clerk to issue a warrant for Tanksley's arrest. Also, on May 29, Tanksley's attorney moved to withdraw her appearance, citing Tanksley's failure to appear. In the motion, Tanksley's attorney apologized "for any inconvenience" caused by Tanksley's absence. *Id.* at 11.

[5] On June 7, 2019, the State began the current case by charging Tanksley with failure to appear, a Level 6 felony. The State also filed a notice of intent to seek habitual offender status. On June 20, 2019, the trial court issued an order finding probable cause for Tanksley's arrest and ordering the trial court clerk to issue an arrest warrant. Tanksley was subsequently arrested on a date not provided in the record.

[6] The trial court presided over a bifurcated jury trial on August 21, 2019. We discuss the proceedings in more detail below. The jury determined Tanksley was guilty of failure to appear. Next, Tanksley admitted he was an habitual offender, waiving his right to a jury trial on the sentencing enhancement.

On September 11, 2019, the trial court held a sentencing hearing. The court sentenced Tanksley to two years for the Level 6 felony, plus four years for the habitual offender sentencing enhancement. This appeal followed.

# Discussion and Decision

## I. Sufficiency of the Evidence

Tanksley argues the State failed to present sufficient evidence of his guilt. When a defendant challenges the sufficiency of the evidence, we neither reweigh evidence nor judge witness credibility. *McCallister v. State*, 91 N.E.3d 554, 558 (Ind. 2018). We instead consider only the probative evidence and the reasonable inferences that support the verdict. *Phipps v. State*, 90 N.E.3d 1190, 1195 (Ind. 2018). We will affirm the conviction if probative evidence supports each element of the crime beyond a reasonable doubt. *Brantley v. State*, 91 N.E.3d 566, 570 (Ind. 2018), *reh'g denied*, *cert. denied*, 139 S. Ct. 839, 202 L. Ed. 2d 609 (2019).

To obtain a conviction of failure to appear as a Level 6 felony, the State was required to prove beyond a reasonable doubt that Tanksley: (1) had been released from lawful detention; (2) on condition that he appear at a specified time and place; (3) in connection with a felony charge; but (4) intentionally (5) failed to appear at the specified time and place. Ind. Code § 35-44.1-2-9. Tanksley claims the State failed to prove beyond a reasonable doubt that he was the person who had been released from lawful detention in the prior case with

instructions to appear. In other words, he challenges the State's proof of identity.

[10] The State argues we should not address Tanksley's claim because he admitted during trial, through counsel, that he was the person who had been released in the prior case. We agree with the State. An attorney's remarks during opening statement or closing argument may constitute judicial admissions that are binding on the client. *Saylor v. State*, 55 N.E.3d 354, 363 (Ind. Ct. App. 2016), *trans. denied*. To qualify as a judicial admission, an attorney's remarks must be a "clear and unequivocal admission of fact." *Parker v. State*, 676 N.E.2d 1083, 1086 (Ind. Ct. App. 1997). Stated differently, the attorney's remarks "must be an intentional act of waiver[,] not merely assertion or concession made for some independent purpose." *Collins v. State*, 174 Ind. App. 116, 120-21, 366 N.E.2d 229, 232 (1977).

[11] In the current case, during the State's opening statement, the deputy prosecutor told the jury:

> And the States [sic] burden is to prove ah, that Derek Tanksley failed to appear beyond a reasonable doubt. . . . [Y]ou're going to see documents that prove that defendant Derek Tanksley was in jail on a felony charge in Superior Court and then on April 2, 2019, Derek Tanksley was released from that detention on the condition that he appear in Superior Court on a specific date at specific time and that was May 29, 2019 at 9 a.m.

Amended Tr. Vol. 2, p. 67.

[12]     Tanksley's opening statement, in its entirety, was as follows:

> Thank you very much Your Honor. The Judge has already read to you, preliminary instruction number 4. As, as [the deputy prosecutor] has said, the elements of this case are that Mr. Tanksley was released from a felony charge. He was given notice to appear on May 29, 2019 at 9 am.[sic] *He failed to appear. We agree. We disagree that he intentionally failed to appear.* Please pay attention to the evidence. Thank you.

*Id.* at 67-68 (emphasis added).

[13]     During the State's presentation of its case in chief, Tanksley objected to the admission of bench warrants that had been issued against Tanksley in prior cases. Tanksley argued the documents were "not relevant to the intent of my client with respect to failure to appear on May 29th of 2019 at 9 am.[sic]. Tr. Vol. 2, p. 78. In response, the prosecutor claimed the documents were relevant to the question of intent, and intent was "the only issue they raised when they were talking to the jury." *Id.*

[14]     During closing arguments, the State told the jury that it had met its burden of proving beyond a reasonable doubt that Tanksley had failed to appear in connection with a prior felony charge. In response, Tanksley's closing argument, in its entirety, was as follows:

> The instruction that that [sic] I think the Judge will read to you as final instruction number five ah, says that a person engages in conduct intentionally if when he or she engages in that contact [sic], it is his or her conscious objective to do so. In order for the State to prove its case they have to prove that it was this mans

[sic] conscious objection, conscious objective to do so. *The State has proven that Mr. Tanksley was released from jail on the condition that he return which means that missing a court date, would return him to jail.* If, it doesn't make sense to expect he would form a conscious objective to go back to jail. The State would have you be persuaded by an instruction that says absent extenuating circumstances or lack of adequate notice an intent to fail to appear, may be presumed. Please look at, that's instruction number six. Please look at that and, and note that it may be presumed. It doesn't have to be presumed. It doesn't make any sense for this man to have decided not to go back to jail on that date and that is based upon the prove [sic] made by the State in its Case in Chief. In order to find my client guilty, you have to find that he intended not to appear. There is no such evidence. Thanks for your time.

*Id.* at 98-99 (emphasis added).

[15] We conclude from Tanksley's opening statement and closing argument that he, as a matter of strategy, made a judicial admission on the question of identity. Counsel's statements were more than casual or mistaken remarks. Instead, Tanksley unequivocally and repeatedly conceded to the jury and the trial court that he was the person who the State alleged had been released from incarceration and ordered to appear at a specific time and place in connection with a felony case, but he did not appear. Tanksley disputed only whether his failure to appear was intentional. Under these circumstances, Tanksley is bound by his judicial admission and may not raise on appeal the issue of identity. *See Lee v. State*, 43 N.E.3d 1271, 1274-75 (Ind. 2015) (defendant made binding judicial admission during trial, conceding as a matter of strategy that she struck the victim).

# II. Appropriateness of Sentence

[16] Tanksley argues his six-year sentence is too severe and asks the Court to reduce it to three years, with one year suspended to probation. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender.

[17] The principal role of appellate review of sentences under Appellate Rule 7(B) is "to attempt to leaven the outliers," rather than achieving a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "In assessing the nature of the offense and character of the offender, we may look to any factors appearing in the record." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013). Tanksley bears the burden of demonstrating that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[18] The advisory sentence is the starting point in determining the appropriateness of a sentence. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). At the time Tanksley committed the offense of failing to appear, the advisory sentence for a Level 6 felony was one year, the maximum sentence was two and one-half years, and the minimum sentence was six months. Ind. Code § 35-50-2-7 (2016). In addition, a trial court shall sentence a person who is convicted of a Level 6 felony and found to be an habitual offender, to an additional fixed term between two and six years. Ind. Code § 35-50-2-8 (2017)(i). In Tanksley's case, the trial court imposed a sentence of two years for the Level 6 felony, enhanced

by four years for the habitual offender determination. His six-year sentence is above the advisory sentence but short of the maximum possible sentence of eight and one-half years.

[19] Turning to the nature of the offense, Tanksley argues he did not commit "an excessively heinous crime." Appellant's Br. p. 15. Although the offense of failure to appear is not inherently violent, the circumstances of his commission of the offense do not weigh in favor of sentence revision. Tanksley's failure to appear was no mere accident or the result of a short delay. Instead, Tanksley absented himself from court for almost two weeks, until the police took him into custody and he had no choice but to appear. Further, Tanksley placed his attorney in a difficult position. She advocated for him to be released on his own recognizance to assist in his defense, and when he failed to appear in court at the required time and date, she had to apologize to the trial court.

[20] Turning to the character of the offender, Tanksley was thirty-two years old at sentencing, and he has a lengthy criminal history. As a juvenile, he was adjudicated a delinquent for acts that, had they been committed by an adult, would have constituted Class B felony burglary and three counts of Class D felony theft. As an adult, Tanksley accrued felony convictions for receiving stolen property, possession of a controlled substance, possessing marijuana with intent to deliver, possession of a synthetic drug or lookalike substance, and possession of methamphetamine. He also accrued misdemeanor convictions of public intoxication, operating a vehicle while intoxicated, possession of a synthetic drug or lookalike substance, resisting law enforcement, invasion of

privacy, and possession of paraphernalia. Tanksley accrued these convictions at a steady pace, demonstrating a refusal to comply with the law for more than one or two years at a time.

[21] In addition, it is relevant that when Tanksley was released to probation in prior cases, he regularly failed to appear for court hearings, resulting in courts issuing several warrants for his arrest. In addition, he repeatedly violated the terms of his probationary placements. His refusals to appear in court, and his refusals to comply with court-ordered terms of probation, demonstrate that he would be unlikely to successfully complete probation in this case.

[22] During the sentencing process, Tanksley admitted he has used marijuana consistently since his teenage years, and he has regularly used methamphetamine since age twenty. Tanksley argues that his extensive criminal history is related to his lengthy history of addiction to controlled substances, and that he should receive court-ordered treatment rather than incarceration. His argument is undercut by his admission that he has never "sought any meaningful treatment to combat his substance abuse issues." Appellant's Br. p. 18. Tanksley has failed to demonstrate that his sentence is inappropriate.

# Conclusion

[23] For the reasons stated above, we affirm the judgment of the trial court.

[24] Affirmed.

Baker, J., and Altice, J., concur.