**Eugene A. TERRELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 76A04–0711–CR–630.

Court of Appeals of Indiana.

May 16, 2008.

---

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Eugene A. Terrell appeals from the trial court's revocation of his probation. Terrell raises a single issue for our review, which we restate as whether the trial court abused its discretion when it revoked Terrell's probation without expressly stating its rationale.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On September 21, 2004, the State charged Terrell with Nonsupport of a

Child, as a Class D felony.[1] On April 25, 2005, Terrell pleaded guilty to that charge, and the trial court sentenced him to three years, with two years suspended to probation. On August 3, 2006, the State filed a petition for the revocation of Terrell's probation, alleging that Terrell had left Indiana without the court's permission and that he had changed his residence without notifying the probation department, both in violation of the conditions of his probation. On November 29, the State further alleged that Terrell had committed the crime of Operation without Financial Responsibility, for which the State also filed a separate criminal action.

On May 21, 2007, Terrell admitted the alleged probation violations, and in exchange the State dismissed the pending criminal charge of operation without financial responsibility. The trial court held a dispositional hearing on September 17. At that hearing, the court stated the following: "We'll show the Defendant's admission to both the first and second motions ... seeking the revocation of his probation.... Probation having been revoked, what's the sentencing recommendation of the State?" Transcript at 54–55. And in the corresponding written order revoking Terrell's probation, the court stated: "Defendant admits the allegation in the two (2) [petitions] before the Court. The Court being duly advised in the premises orders as follows: ... The probation of the [D]efendant is hereby ordered revoked." Appellant's App. at 9. The court then ordered Terrell to serve the previously suspended two-year sentence. This appeal ensued.

## DISCUSSION AND DECISION

■ Terrell maintains that the trial court abused its discretion in revoking his probation. Specifically, Terrell argues that he was denied his due process rights

because the court did not expressly state its reasons for revoking his probation. We cannot agree that the trial court either denied Terrell any due process rights or that the court abused its discretion in revoking his probation.

■ The due process requirements of a probation revocation proceeding, and our standard of review, are well-established:

When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Piper v. State*, 770 N.E.2d 880, 882 (Ind.Ct.App.2002), *trans. denied.* Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind.Ct.App. 1997). However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id.* Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 2600–2601, 33 L.Ed.2d 484 (1972)). Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id.*

The minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing

---

**1.** Terrell had an arrearage of $14,861.62 in    unpaid child support for three children.

confrontation); (e) a neutral and detached hearing body; and (f) *a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. Id.* (citing *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604).

Probation revocation is a two-step process. *Id.* First, the court must make a factual determination that a violation of a condition of probation actually has occurred. *Id. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. Id.* Indiana has codified the due process requirements at Ind.Code § 35–38–2–3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses and representation by counsel. *Id.; see also* Ind.Code § 35–38–2–3(d), (e). *When a probationer admits to the violations, the procedural due process safeguards and an evidentiary hearing are not necessary. Parker,* 676 N.E.2d at 1085 [citing *Morrissey,* 408 U.S. at 490, 92 S.Ct. 2593; *United States v. Holland,* 850 F.2d 1048, 1050–51 (5th Cir.1988)]. *Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. Id.* In making the determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id.* at 1086[ ] n. 4.

*Cox v. State,* 850 N.E.2d 485, 488 (Ind.Ct. App.2006) (emphases added).

Terrell relies on *Cox* and *Parker* in support of his assertion that the trial court was required to state, in writing, its rationale for revoking his probation as part of "the second step of the inquiry." *See id.* But Terrell admitted that he violated the conditions of his probation as alleged by the State. Thus, *Cox* and *Parker,* when read in conjunction with the federal sources those opinions relied upon, do not require such a written statement. As the United States Court of Appeals for the Fifth Circuit has stated:

> When it is determined that a person charged with a probation violation admits the violation charged, the procedural safeguards announced in [*Morrissey* ] are unnecessary. However, even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation.

*Holland,* 850 F.2d at 1050–51 (citations omitted) (*cited in Parker,* 676 N.E.2d at 1085). Because Terrell admitted the alleged probation violations, and no other evidence was offered by either party, it was unnecessary for the trial court to follow the procedural safeguards of *Morrissey.*[2] *See id.* Accordingly, Terrell's assertion to the contrary must fail.

In any event, despite Terrell's argument, our review of the record indicates that the trial court's rationale for revoking Terrell's probation is clear. Terrell admitted to the alleged violations of the conditions of his probation and the trial court, after acknowledging as much, responded by revoking Terrell's probation. It is clear from the transcript and written order, then, that the trial court's reason for revoking Terrell's probation was based exclusively on Terrell's admitted violations of his probation conditions. Accordingly, the

---

**2.** Terrell does not argue that he was denied the opportunity to present mitigating evi-

dence.

court did not err in revoking Terrell's probation.

Affirmed.

SHARPNACK, Sr.J., and DARDEN, J., concur.