**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 21 2014, 11:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW M. EADS**
Lux & Lux, P.A.
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANTHONY TAYLOR, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 73A01-1307-CR-292 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Norman Curry, Sr. Judge
Cause No. 73D02-1107-FD-144

**March 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Anthony Taylor appeals the order that he be incarcerated for the remainder of his suspended sentence following the revocation of his probation. He argues the trial court abused its discretion when it ordered him to serve his entire suspended sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 13, 2011, the State charged Taylor with Class D felony operating a vehicle while intoxicated with a prior conviction;[1] Class A misdemeanor operating a vehicle while intoxicated;[2] and Class C misdemeanor operating a vehicle with alcohol concentration equivalent to at least .08 but less than 0.15.[3] On November 10, 2011, Taylor pled guilty to Class D felony operating a vehicle while intoxicated with a prior conviction. The trial court entered a judgment of conviction and sentenced Taylor to 545 days incarceration with 535 days suspended to probation. As conditions of his probation, Taylor was ordered to attend and complete the MADD Victim Impact Panel and pay associated costs, complete sixty hours of community service, and participate in the court's alcohol and drug program ("ADA Progam") and pay all associated fees.

On January 9, 2013, the State filed a petition to revoke probation after Taylor was unsuccessfully discharged from the ADA program, failed to complete community service hours, and did not pay required fees. On May 7, 2013, the State filed an addendum to the petition to revoke probation alleging Taylor had been charged with operating a vehicle while

---

[1] Ind. Code § 39-30-5-3.
[2] Ind. Code § 9-30-5-2.
[3] Ind. Code § 9-30-5-1.

intoxicated in Marion County on January 15, 2013.

After Taylor admitted that he violated his probation by being unsuccessfully discharged from the ADA program, failing to complete his community service hours, failing to pay imposed fees, and being charged with a new offense of operating a vehicle while intoxicated, the trial court found Taylor had violated his probation. It inquired about his criminal history and failure to fulfill the conditions of his probation, and then ordered Taylor to serve his entire suspended sentence.

## DISCUSSION AND DECISION

A revocation of probation is reviewed on appeal only for an abuse of discretion. *Podlusky v. State*, 839 N.E.2d 198, 200 (Ind. Ct. App. 2005). An abuse of discretion occurs where the decision is clearly against the logic and effect of fact and circumstances. *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). On review, we consider only the evidence most favorable to the revocation and do not reweigh that evidence or judge the credibility of witnesses. *Terrell v. State*, 886 N.E.2d 98, 100 (Ind. Ct. App. 2008).

Taylor first argues the trial court abused its discretion because it did not set the matter for a dispositional hearing in order to conduct a pre-sentence investigation and to allow him to offer mitigating circumstances. However, when a probationer admits violations, no evidentiary hearing is necessary. *Terrell*, 886 N.E.2d at 101. Nor is the trial court obligated to hold a separate dispositional hearing or have the State conduct a pre-sentence investigation. *See Boyd v. State*, 481 N.E.2d 1124, 1127 (Ind. Ct. App. 1985) (holding those procedural steps not required when determining whether to order execution of all or part of

3

suspended sentence). As the law does not require the trial court to hold a hearing or obtain a

pre-sentence investigation, we cannot find an abuse of discretion in the trial court's failure to

take those steps.[4]

Taylor also argues the trial court should have explained why it was imposing the entire

suspended sentence. The trial court noted that Taylor "admits violating probation by being

unsuccessfully discharged from the ADA Program, failing to complete community service

hours and by failing to pay associated fees. The Defendant also admits that he has been

charged with OVWI in Marion County, IN." (App. at 14.) As Taylor did not satisfy

numerous conditions of probation and was arrested for the same crime for which he was on

probation, imposition of his entire suspended sentence was not error. *See* Ind. Code § 35-38-

2-3(h) (the trial court has discretion to impose the entirety of a suspended sentence when

probation is revoked). There was no abuse of discretion in the order that Taylor serve the

remainder of his suspended sentence.

## CONCLUSION

Taylor has not demonstrated the trial court abused its discretion by ordering Taylor to

be incarcerated for the remainder of his suspended sentence upon revocation of his probation.

Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.

---

[4] To the extent Taylor asserts a dispositional hearing would have permitted him to offer evidence of mitigators, we note the record demonstrates counsel questioned him at the hearing at which he admitted the probation violation, and he has not explained why he could not also have testified about mitigators then.

4