## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 07 2017, 6:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randy M. Fisher
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David J. Taylor, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 7, 2017 <br><br> Court of Appeals Case No. <br> 02A05-1701-CR-99 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Samuel R. Keirns, Magistrate <br><br> Trial Court Cause No. <br> 02D06-1512-F5-362 |

**Baker, Judge.**

David Taylor appeals the revocation of his probation, arguing that there is insufficient evidence and that the revocation violated his due process rights. Finding sufficient evidence and no due process violation, we affirm.

## Facts

On February 16, 2016, Taylor pleaded guilty to Level 6 felony intimidation. Taylor was sentenced to one year and 183 days, with one year suspended to probation. The executed sentence was to be served through the Allen County Community Corrections Home Detention Program.

Taylor tested positive for cocaine during routine drug screenings on May 6, 10, and 19, 2016. On May 31, the State petitioned to revoke Taylor's participation in the Home Detention Program. Two days later, the State filed a petition to revoke his probation. After conducting a hearing on Taylor's alleged violations, the trial court dismissed both petitions. As an additional condition of his probation, the trial court ordered Taylor to reside at Countryside Ranch, a halfway house. The trial court adopted a "zero tolerance" policy for further violations. Appellant's Vol. II p. 84.

The State filed a second petition to revoke Taylor's probation on August 16, 2016, alleging that he had failed to reside at Countryside Ranch and had made no contact with the facility. The trial court held a second violation hearing and dismissed the petition to revoke Taylor's probation. The trial court again modified the conditions of his probation and ordered him to complete the Road to Recovery rehabilitation program.

Following the second hearing, Taylor was released from custody. He did not return to the Fort Wayne Rescue Mission where he had been living. He did not report to the Road to Recovery facility, and he missed a scheduled appointment with his probation officer. Taylor's probation officer sent letters to the Mission and Road to Recovery to notify him that their appointment had been rescheduled, but Taylor failed to report to the rescheduled meeting and made no contact with the officer. On October 13, 2016, the State filed a third petition to revoke Taylor's probation. The trial court granted the petition and ordered Taylor to serve his previously suspended sentence of one year. Taylor now appeals.

# Discussion and Decision

Taylor argues that (1) there is insufficient evidence to support revocation of his probation, and (2) the court violated his due process rights by giving him an insufficient opportunity to gather evidence in his defense.

## I. Sufficiency of Evidence

Indiana Code section 35-38-2-3(a)(1) states that probation may be revoked when the probationer violates a condition of probation during the probationary period. At a violation hearing, the burden of proof on the State is preponderance of the evidence. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013). In reviewing the revocation, this Court will consider only the evidence most favorable to the judgment without reweighing that evidence. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). We will reverse only when the decision

is clearly against the logic and effect of the facts and circumstances, or when the court misinterprets the law. *Heaton*, 984 N.E.2d at 616.

[8] Revocation of probation is a two-step process. First, the hearing court must make a factual determination that violation of a condition of probation occurred. *Sullivan v. State*, 56 N.E.2d 1157, 1160 (Ind. Ct. App. 2016). If the State proves a violation, the hearing court must then decide whether the violation warrants revocation. *Id.* The court may consider whether the violation was voluntary: "[a]lthough not a defense to revocation, lack of volition is often a factor pertinent to a disposition in a revocation proceeding." *Woods*, 892 N.E.2d at 641. Furthermore, for probationers who have violated an order of strict compliance, "due process requires that a defendant be given the opportunity to explain why even this final chance is deserving of further consideration." *Id*.

[9] In this case, Taylor violated the conditions of his probation multiple times. First, he failed to visit the Road to Recovery rehabilitation facility for an initial assessment. He then missed scheduled appointments with his probation officer on September 30 and October 6, 2016, despite the officer providing notice of both. The probation officer received no communication explaining Taylor's absences.

[10] Furthermore, prior to revocation of Taylor's probation, he committed two other revocable offenses. In May 2016, three separate drug screens conducted several days apart indicated that Taylor had used cocaine in violation of the conditions

of his home detention. Following Taylor's first revocation hearing, the trial court allowed him to remain in the Home Detention Program and only imposed the additional condition that he reside at Countryside Ranch, a halfway house. Despite being placed on a "zero tolerance" policy, Taylor subsequently failed to report to Countryside Ranch.

[11]     Taylor argues that his failure to report to Road to Recovery did not warrant revocation because attending the program included a financial obligation. Indiana Code section 35-38-2-3(g) states: "Probation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Taylor claims that because he could not afford the Road to Recovery rehabilitation program, this condition of his probation was a financial burden, and that revocation of his probation for failure to attend constitutes a violation of Indiana Code section 35-38-2-3(g).

[12]     Taylor's argument is unpersuasive for the simple reason that he never once informed the trial court or his probation officer that the program imposed a substantial financial burden that he was unable to overcome. Had he done so, alternative arrangements could have been made. Instead, he simply failed to attend. He knew that his attendance was a condition of his probation and that he was on a "zero tolerance" compliance policy. Given that he failed to raise the issue of finances to the trial court, he cannot now make that argument—it is too late.

[13] Taylor also argues that he did not have notice of the rescheduled appointment with his probation officer on October 6, 2016, and he is therefore not responsible for his second absence. However, had Taylor complied with the condition of his probation requiring him to attend Road to Recovery, he would have received the notice letter sent there. Moreover, he has no excuse for missing the first appointment. The trial court therefore did not err in finding that his failure to attend these appointments was a violation of his probation.

[14] Taylor's behavior indicates that although he was given ample opportunity and multiple chances to comply with the conditions of probation, he was unwilling to do so. Taylor failed to comply with several conditions of his probation within the probationary period. The trial court did not err in finding that the violations warranted revocation.

## II. Due Process

[15] Taylor also argues that his due process rights were violated because the trial court did not afford him sufficient time or resources to gather evidence for his defense. A probationer has the following due process rights before and during a revocation hearing: (1) written notice of the alleged violation, (2) disclosure of the evidence against him, (3) the opportunity to be heard in person and to present witnesses and documentary evidence, (4) the opportunity to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing body, and (6) a written statement by the fact finders indicating the evidence relied on in revoking probation. *Wann v. State*, 997 N.E.2d 1103, 1105 (Ind. Ct. App.

2013) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Taylor alleges that the trial court did not allow him sufficient opportunity to gather evidence in his defense and therefore violated his right to be heard in person and to present witnesses and documentary evidence.

[16] Where a probationer admits to violating a condition of probation at his hearing, the procedural safeguards of *Morrissey* and an evidentiary hearing are not necessary. *Terrell v. State*, 886 N.E.2d 98, 99 (Ind. Ct. App. 2008). Instead, the trial court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.*

[17] Taylor claims that his right to present documentary evidence was violated because he was unable to obtain his phone records while incarcerated, and the phone records would have shown that he had contacted his probation officer prior to his missed appointments. However, Taylor admitted to failing to contact his probation officer at the hearing. Tr. p. 15, 18, 23, 24–25, 26. Therefore, it was unnecessary for the trial court to afford him another opportunity to introduce the phone records into evidence. The trial court did not prevent Taylor from admitting evidence in his defense and therefore did not violate Taylor's due process rights. In sum, the trial court did not err in revoking Taylor's probation.

[18] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.