## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 5:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Orlando D.D. Mitchell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 31, 2020

Court of Appeals Case No.
19A-CR-1816

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1801-F5-20

**Mathias, Judge.**

[1] The St. Joseph Superior Court revoked Orlando Mitchell's ("Mitchell") probation and ordered him to serve the entirety of his five-year sentence at

Michiana Community Corrections. Mitchell appeals and argues that the trial court violated his due process rights when it revoked his probation and failed to enter a written statement of the facts supporting the revocation.

[2]  We affirm.

## Facts & Procedural History

[3]  On January 31, 2018, the State charged Mitchell with Level 5 felony possession of cocaine, Level 6 felony possession of a controlled substance, and Class B misdemeanor possession of marijuana. In September 2018, Mitchell pleaded guilty to Level 5 felony possession of cocaine, and the remaining charges were dismissed. He was ordered to serve five years with two years suspended. The executed portion of his sentence was to be served through St. Joseph County Community Corrections.

[4]  On January 3, 2019, staff members from St. Joseph County Community Corrections conducted a home visit. During a search of Mitchell's bedroom, staff members found a leafy substance, digital scales with residue, spoons with burn marks, and a glass smoking pipe. The community correction staffers requested assistance from the South Bend Police Department. Police officers obtained a search warrant for Mitchell's home. During the search, police officers found marijuana and cocaine. The officers found a handgun hidden in a child's backpack in Mitchell's bedroom. Mitchell was the only resident of the home who had children.

[5] On January 7, 2019, the State filed a petition to revoke Mitchell's probation and/or placement. At the revocation hearing held on June 3, 2019, Mitchell argued that the basement bedroom where the contraband was discovered was not his bedroom but belonged to another resident of the home. The trial court did not find Mitchell credible and noted that Mitchell's personal items were found in the basement bedroom where the contraband was discovered. Mitchell's wallet, paternity documents for his child, his child's birth certificate, his credit card, utility bills addressed to Mitchell, his girlfriend's picture, and a child's backpack were found in the bedroom. The court concluded Mitchell violated the terms and conditions of his placement in Community Corrections by possessing the handgun found in the child's backpack in his bedroom. Tr. p. 70.

[6] Following the revocation hearing, the trial court issued a written order revoking Mitchell's probation. The order did not contain a written statement of facts supporting the revocation, but provided that the trial court found that Mitchell violated the conditions of his probation or placement "[f]or the reasons stated at hearing." Appellant's App. p. 60. At the July 18, 2019 sentencing hearing, the trial court ordered Mitchell to serve the balance of his five-year sentence executed in the Michiana Community Corrections Program. Mitchell now appeals.

## Discussion and Decision

[7] Probationers are not entitled to the full array of constitutional rights afforded defendants at trial, but the Due Process Clause of the Fourteenth Amendment

imposes procedural and substantive limits on the revocation of the conditional liberty afforded by probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008) (citations omitted). Due process requires that a probationer is given: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body. *Id.* Finally, due process requires "a written statement by the factfinder as to the evidence relied on and reasons for revoking probation." *Terrell v. State*, 886 N.E.2d 98, 101 (Ind. Ct. App. 2008), *trans. denied*; *see also Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

[8]     Mitchell argues only that his due process rights were violated because the trial court's written order revoking his probation did not state the facts the court relied on in determining that Mitchell violated the terms of his probation. But the written requirement "may be satisfied by placement of the transcript of the evidentiary hearing in the record if the transcript contains a clear statement of the trial court's reasons for revoking probation." *Washington v. State*, 758 N.E.2d 1014, 1018 (Ind. Ct. App. 2001) (citing *Crump v. State*, 740 N.E.2d 564, 568 (Ind. Ct. App. 2000), *trans. denied*); *see also Hubbard v. State*, 683 N.E.2d 618, 621 (Ind. Ct. App. 1997) (stating that our court has "held that placing the transcript of the evidentiary hearing in the record, although not the preferred way of fulfilling the writing requirement, is sufficient if it contains a clear statement of the trial court's reasons for revoking probation").

[9] Here, at the evidentiary hearing, the trial court gave a clear statement of its reasons for finding that Mitchell violated the terms of his placement. The trial court discussed the contraband found in Mitchell's bedroom and found that Mitchell's claim that the bedroom belonged to another resident of the house was not credible. The trial court ultimately concluded that Mitchell violated the terms and conditions of his probation and placement by possessing the handgun hidden in the child's backpack that was discovered in Mitchell's bedroom. Tr. p. 70. Although we prefer that the trial court issue a written statement detailing the trial court's reasons for revoking probation, the trial court clearly stated its reasons for revoking Mitchell's probation at the hearing. Moreover, in its written order, the trial court found that Mitchell violated the conditions of his probation or placement "[f]or the reasons stated at the hearing." Appellant's App. p. 60. Under these facts and circumstances, we conclude that Mitchell has not established a violation of his due process rights and affirm the trial court's order revoking his probation.

[10] Affirmed.

Kirsch, J., and Bailey, J., concur.